IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY HOOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00041-JD |
| ) | |
| LUKE PETTIGREW, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiff Johnny Hooper ("Hooper"), an Oklahoma state prisoner appearing pro se, filed this action under 42 U.S.C. § 1983. [Doc. Nos. 1, 7]. The Court referred the matter to United States Magistrate Judge Shon T. Erwin for preliminary review.

Judge Erwin screened Hooper's amended complaint [Doc. No. 7] and entered a Report and Recommendation recommending that the Court dismiss the amended complaint without prejudice for failure to state a claim. [Doc. No. 12]. Judge Erwin advised Hooper of the right to file an objection to the Report and Recommendation by April 15, 2022, and that a failure to timely object would waive Hooper's right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 12]. *See also* 28 U.S.C. § 636. Since that time, Hooper has filed a letter [Doc. No. 13], which the Court will address.

The Court has carefully and thoroughly reviewed the initial complaint, the amended complaint, Hooper's exhibits, the Report and Recommendation, and Hooper's letter [Doc. Nos. 1, 7, 11, 12, and 13], and having considered this matter in accordance

with 28 U.S.C. § 636(b)(1), the Court:

    (1)    ADOPTS the Report and Recommendation IN PART;

    (2)    GRANTS Hooper leave to file an amended complaint within 30 days of this Order; and

    (3)    RE-REFERS this matter to Judge Erwin for further proceedings.

## I. Background

Hooper claims that his constitutional rights were violated while incarcerated at Joseph Harp Correctional Center ("JHCC") and working for the Oklahoma Turnpike Authority ("OTA"). [Doc. No. 7]. The amended complaint names two defendants (Luke Pettigrew, warden at JHCC, and Judy Windsor, Hooper's former supervisor at the OTA), and states that OTA fired and discriminated against Hooper "cause I am transgender." [*Id.* at 3]. Hooper claims that the "leadman pull[ed] me out and stated []He didn't want me to work for OTA cause I was transgender." [*Id.*]. The Report and Recommendation recommends dismissing the amended complaint because it fails to provide any details to support how each Defendant participated in the alleged constitutional deprivation. [Doc. No. 12 at 3–4].

## II. Hooper's Objection

The record reflects that Hooper has not filed a formal objection to the Report and Recommendation or requested additional time to object. Hooper filed a letter on April 7, 2022, [Doc. No. 13], but this letter does not constitute a sufficient objection to the Report and Recommendation. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review

by the district court . . . ." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In the letter [Doc. No. 13], Hooper wrote, "The reason I am writing to you about is that I got a Report and Recommendation on 4-1-22," and Hooper attached various documents, including "Inmate Grievance" and "Request to Staff" forms and responses. [*Id.*]. But the Court cannot scour the record and a party's exhibits to identify possible arguments and objections on behalf of a party. Although "[a] pro se plaintiff is entitled to a liberal construction of his pleadings" *Bainum v. Sedgwick Cnty. Comm'rs*, 27 F. App'x 965, 968 (10th Cir. 2001) (unpublished), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "Even if" a party attaches relevant evidence, the party must cite specifically to the evidence and explain the relevance; "it is not this court's function or responsibility to sift through materials submitted in bulk to determine whether there exists some evidence to support the position of a party. . . ." *Romero v. Reynolds Metal Co.*, 16 F.3d 417, 1993 WL 520935, at *1 (10th Cir. 1993) (unpublished). Because the letter fails to state an objection with any specificity, it fails to meet the requirements for a valid objection under § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and related authorities.

### III. Sufficiency of the Pleadings

28 U.S.C. § 1915(e)(2)(B)(ii) states that "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." (cleaned up); *see also id.* § 1915A(b)(1). To fulfill this standard, a complaint must put forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").

The Report and Recommendation accurately concludes that Hooper's amended complaint, as currently drafted, fails to state a claim upon which relief can be granted. The amended complaint names two defendants (Luke Pettigrew and Judy Windsor) and asserts an alleged constitutional violation. [Doc. No. 7 at 1, 3, 5]. While the amended complaint makes no request for specific relief, *see* [*id.* at 8] (stating "N/A" for relief requested), it states that "Petitioner fears that by seeking relief for unlawful job termination that retaliation will occur in the form of facility transfer. Transfer would likely deny petitioner the opportunity to receive needed diagnosis as transgender and the proper medical treatment for it[.]" [*Id.* at 2]. But nothing in the complaint specifically links any claim to either defendant.

As the Report and Recommendation notes, the Tenth Circuit has made it clear that "to state a claim in federal court, a complaint must explain what each defendant did to

4

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended complaint does not explain how the defendants are connected to the allegations in the complaint. Thus, because Hooper's amended complaint consists only of a "naked assertion" devoid of "further factual enhancement," the Report and Recommendation is correct that the amended complaint fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 557; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that in § 1983 cases naming more than one defendant, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her").

The Court also agrees with the Report and Recommendation that Hooper has failed to allege any violation of any particular policy that either defendant created or possessed responsibility over that caused Hooper alleged harm. *See* Report and Recommendation at 4 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). In summary, the Court agrees with the Report and Recommendation that the amended complaint fails to state a claim.

### IV.    Opportunity to Amend

The Court notes that Hooper initiated this action by filing an application for a temporary restraining order [Doc. No. 1].[1] Judge Erwin construed this filing as an attempt to initiate a civil-rights action, and so construed, ordered Hooper to refile the action and commence it on the appropriate form. [Doc. No. 4]. Hooper complied and filed an amended complaint, but this amended complaint lacked much of the detail that the original filing had. *See* [Doc. No. 1]. Given the Tenth Circuit's direction in these types of cases under similar circumstances,[2] the Court will give Hooper an opportunity to file an amended complaint that accounts for his original filing [Doc. No. 1], the amended complaint, Hooper's exhibits, the Report and Recommendation, and this Order, if desired by Hooper.

### V.     Conclusion

Accordingly, the Court ADOPTS the conclusion of the Report and Recommendation [Doc. No. 12] that Hooper's amended complaint [Doc. No. 7] fails to

---

[1] Hooper has also paid a $350 filing fee. *See* [Doc. Nos. 8–10].

[2] *See Johnson v. Whitney*, 723 F. App'x 587, 594 (10th Cir. 2018) (unpublished) (finding a district court abused its discretion by dismissing a pro se complaint without granting leave to amend or considering whether the defects could be cured by amendment); *Maynard v. Fallin*, 564 F. App'x 943, 946 (10th Cir. 2014) (unpublished) (courts should "provide reasonable opportunities for pro se litigants to cure defects in their pleadings"); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"); *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("Indeed, we have extended to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion practice . . . in a Fed. R. Civ. P. 12(b)(6) context.").

state a claim upon which relief can be granted. The Court DECLINES TO ADOPT the recommendation to dismiss the complaint without prejudice at this stage. The Court GRANTS Hooper leave to file an amended complaint within **30 days**, or no later than July 27, 2023. If Hooper fails to file an amended complaint within 30 days, the Court will dismiss the action without prejudice to refiling and enter a judgment. *See* Fed. R. Civ. P. 41.

    IT IS SO ORDERED this 27th day of June 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE